IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL DAVID STORMAN,

        Plaintiff,               No. 2:10-cv-3276-GEB-JFM (PS)

   vs.

UNITED STATES POST OFFICE,

        Defendant.         ORDER AND

                              /         FINDINGS & RECOMMENDATIONS

       Plaintiff is proceeding pro se and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

       The federal in forma pauper statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relied may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.SC. § 1915(e)(2).

       A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff brings suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), against the United States Post Office on the theory that a postal employee has been stealing plaintiff's prescription medication, which is mailed to him through the Postal Service. The FTCA grants a waiver of sovereign immunity in certain cases.  28 U.S.C. § 1346(b).[1] However, by 28 U.S.C. § 2680(b), the United States retains sovereign immunity for tort claims against it for "loss, miscarriage, or negligent transmission" of the mails.[2]  Anderson v. United States Postal Service, 761 F.2d 527 (9th Cir. 1985) (citations omitted).  This means that plaintiff's claim of loss via theft of his prescription medication is barred by sovereign immunity.

---

[1] Section 1346(b) states in relevant part:[T]he district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, ... for injury or loss of property, ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant....

[2] Section 2680 states in relevant part: The provisions of this chapter and section 1346(b) of this title shall not apply to- * * * (b) Any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.

1  In accordance with the above, IT IS HEREBY ORDERED that:

2  1. Plaintiff's request to proceed in forma pauperis is granted; and

3  IT IS HEREBY RECOMMENDED that:

4  2. Plaintiff's complaint be dismissed with prejudice.

5  These findings and recommendations are submitted to the United States District
6  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
7  one days after being served with these findings and recommendations, any party may file written
8  objections with the court and serve a copy on all parties.  Such a document should be captioned
9  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
10 objections shall be filed and served within fourteen days after service of the objections.  The
11 parties are advised that failure to file objections within the specified time may waive the right to
12 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13 DATED: December 21, 2010.

UNITED STATES MAGISTRATE JUDGE

/014;stor3276.dm

3